# Overseers of Versailles *against* Overseers of Mifflin.

The court of quarter sessions has jurisdiction, under the twenty-third section
of the act of June 13, 1836, to compel the overseers of the poor of a township,
where a person, not having any legal settlement in the state, first becomes dis-
abled by a hurt, to defray the expenses of his maintenance which had been
borne by another township into which the pauper had been carried.

CERTIORARI to the quarter sessions of *Allegheny* county.

John Long who had no legal settlement in the state, was disabled
by a hurt while engaged as a labourer in Mifflin township, from
whence he was carried into Versailles township; the overseers of
the poor of which, in pursuance of an order of two justices of the
peace maintained him. The overseers of Versailles subsequently
petitioned the court of quarter sessions, who made a decree, that
the overseers of Mifflin should pay the overseers of Versailles such
sum as the latter had already expended in maintaining the pauper,
and a weekly allowance for his further maintenance until he could
be removed.

The following exceptions were taken to the decree.

1. An appeal does not lie to the court of quarter sessions from
an order of two justices for the maintenance of a pauper.

2. The court of quarter sessions have not power and authority to
make the decree set forth in the record.

*Darragh*, in support of the exceptions, relied on the second, and
contended, that no power existed in the quarter sessions to make
this decree. The former act of March 9, 1771, did not give it, and
it was clearly not embraced within the provisions of the twenty-
third section of the last act of June 13, 1836. That section is con-
fined to paupers coming out of any city or district in this common-
wealth into any other district; whereas, it is admitted here, that
Long, the person relieved, came from the state of Vermont into
Pennsylvania, as a labourer on the Monongahela navigation, and
had gained no settlement in Mifflin township, or any where else in
the state. Again, the notice is to be given to, and the charges sus-
tained by the township where such person has last gained a settle-

ment; but he had not gained a settlement in Mifflin, and therefore *it is not a case within the act. The proper remedy was against* Shipley, the contractor, who had caused Long to be brought into the state, and therefore was to be had under the twenty-fifth section of the act of June 13, 1836. Shipley lived in Alleghenytown, and in neither of the townships now disputing. Besides, if the township of Mifflin is liable, let the township of Versailles bring their action, which they may clearly do. 3 *Serg. & Rawle* 117; 2 *Penn. Rep.* 432.

*Beaver* and *M'Candless*, for defendants in error, contended, that the court of quarter sessions in England, and always in this state, under our poor laws, exercised a general superintending jurisdiction over the overseers of the poor of the different townships, sometimes by appeal from the doings of justices, and sometimes by a summary order and decree upon petition; and that if it be not taken away expressly by act of assembly, it existed in full force, and was to be exercised in cases where it was not expressly conferred, if the exigencies of justice required it. The act of 1722, gives to the quarter sessions in this state, the same general jurisdiction which they had in England, and this continues, not being taken away by the act of 1771 or 1836. If this remedy could not be had there was none: for there was no assumpsit by the township of Mifflin to pay these expenses, either express or implied. But though not within the express and literal terms of the twenty-third section of the act of June 13, 1836, it is certainly within its spirit and meaning. It has been decided by this court, that a person who has no settlement in this state, must be supported where he falls helpless. 2 *Penn. Rep.* 432. This throws the burthen on the township of Mifflin. And the fifth section of the act of 1836 enacts, that it shall be the duty of the overseers of every district to furnish relief to every poor person within the district, not having a settlement therein, who shall apply to them for relief, until such person can be removed to the place of his settlement: which, it appears by the explanatory remarks of the commissioners to revise the civil code, was intended to embrace the very case before the court, who suggest, however, that in their opinion, the expense should be reimbursed to the district by the county or commonwealth, where, as here, an able bodied man working on a canal is, by accident, disabled and rendered helpless.

The opinion of the court was delivered by

SERGEANT, J.—The act of June 13, 1836, provides in the fifth section, for the case of a poor person needing relief in a place where he has no settlement; and directs, that until he can be removed to the place of his settlement, such relief shall be given. The twenty-third section contemplates the case of a person coming out of one district of the state into another, and falling sick or dying at such

X.—2 F*

place before gaining a settlement therein, so that he could not be removed. It requires the overseers of such place to give notice to those of the district where he had last gained a settlement, and if they refuse to pay the moneys expended, the court of quarter sessions may compel the payment. It was under this section the proceedings seem to have been had in the present case; and the question is, whether the court of quarter sessions had jurisdiction in the case. The person relieved had no settlement, in the strict meaning of the word, in Mifflin township, or any other district of this state. He had come into it from another state. But he was first hurt and disabled in Mifflin township, whilst there employed in blasting rocks for a dam about being erected on the Monongahela river. Although he had not gained a legal settlement in Mifflin township, yet it has been held by this court, in the case of Overseers *v.* M'Coy, 2 *Penn. Rep.* 435, that if a pauper has no settlement in this state, the expense of maintenance remains on the township in which he was when he required relief. That township in the present case was the township of Mifflin. They were bound to maintain him; and we think, he may be considered as having gained a *quasi* settlement there, within the equity of the act, though not within its literal expression. The design of the act was to give the quarter sessions jurisdiction over this class of cases, so as to enable them to act promptly, and with as little expense as possible, in compelling those districts to maintain paupers on whom the burden was imposed by law; and there is no reason why the township of Versailles should be turned round to the delay, trouble and expense of a common law action, in this case, more than in a case where the liability of the township arises from its being the place where the pauper had gained a strict legal settlement.

Proceedings affirmed.